**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JOHN BAKER**, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**INDIRA CORPORATION**, a Pennsylvania corporation,<br><br>　　　　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## **CLASS ACTION COMPLAINT**

　　　　Plaintiffs John Baker ("Plaintiff" or "Baker") brings this Class Action Complaint against Defendant Indira Corporation ("Indira") to stop Defendant's practice of placing calls, including pre-recorded calls, to consumers who are registered on the National Do Not Call Registry and who have demanded that Defendant stop calling, and to obtain redress for all persons similarly injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## **PARTIES**

　　　　1.　　　Plaintiff Baker is a natural person over the age of eighteen (18) and is a citizen of Massachusetts. He resides in West Yarmouth, Barnstable County, Massachusetts.

　　　　2.　　　Defendant Indira Corporation is a corporation organized in and existing under the laws of the State of Pennsylvania, with its principal place of business located at 1405 Veterans Highway EE-3, Bristol Bucks, PA 19007.

## **JURISDICTION & VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

4. This Court has personal jurisdiction over Defendant because it solicits significant business in this District, has entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a significant portion of the wrongful conduct giving rise to this case occurred in, and/or was directed to this District.

**COMMON ALLEGATIONS OF FACT**

6. Defendant Indira is an energy company offering electricity and natural gas plans.

7. Unfortunately for consumers, Indira casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its energy products, Defendant conducted (and continues to conduct) a wide scale telemarketing campaign and repeatedly makes unsolicited telemarketing phone calls to residential landline telephones which appear on the National Do Not Call Registry—all without securing prior express consent, and even after consumers ask that the calls stop. Such conduct violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").

8. The Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. ("TCPA") and its implementing regulations, 47 C.F.R. §64.1200, *et seq.* prohibit companies and persons, such as Defendant, from placing multiple, repeated calls to persons who have listed their phone numbers on the national Do Not Call registry.

9. In an effort to obtain leads for its services, Indira made (or directed to be made on its behalf) repeated calls to the telephones of Plaintiffs and other members of the Class without first obtaining express consent to do so—in violation of the TCPA.

10. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—calls placed to numbers without prior express written consent to persons who listed their phone numbers on the Do Not Call list.

11. By making the unauthorized calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such calls. Furthermore, the calls interfered with and interrupted Plaintiff's and the other Class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also injured the Plaintiff and Class members by causing wear and tear on their phones,.

12. At no time did Defendant obtain prior express consent from Plaintiff and the Class members orally or in writing to receive calls from Defendant notwithstanding the presence of their phone numbers on the Do Not Call list and notwithstanding them asking Defendant to stop calling.

13. Defendant knowingly made, and continues to make, telemarketing calls to numbers on the Do Not Call list without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the putative Class, it also intentionally and repeatedly violated the TCPA.

14. Defendant was, and is, aware that calls described herein were made to consumers like Plaintiffs who have not consented to receive them.

15. To the extent any third party made the calls, the third party acted on behalf of Defendant, at Defendant's direction and control, for Defendant's knowing benefit, and with Defendant's approval. Defendant ratified the making of any such calls.

16. To redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals, bring this suit under the TCPA, which prohibits unsolicited calls to telephones registered on the Do Not Call list.

17. On behalf of the Class, Plaintiffs seek an injunction requiring Defendant to cease all unauthorized calling activities to persons registered on the Do Not Call list and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF BAKER

18. Plaintiff Baker is the subscriber to and customary user of the residential landline telephone number ending in 2748.

19. Plaintiff Baker registered the relevant telephone number on the National Do Not Call Registry on November 8, 2015.

20. Plaintiff has received repeated calls from Indira to the telephone number ending in 2748, including calls placed by Indira from the telephone number (888) 269-7397, for months.

21. This includes calls from Indira, received from the number (888) 269-7397, on:
    - December 2, 2019 at 9:13 a.m.
    - December 6, 2019 at 3:58 a.m.
    - December 9, 2019 at 9:16 a.m.
    - December 10, 2019 at 9:30 a.m.
    - December 11, 2019 at 9:22 a.m.

22. In addition to the calls listed in Paragraph 20, Plaintiff received multiple additional calls from Indira. On some of the calls, Plaintiff requested that the calls stop. The stop requests were made at least 30 days before the December 2019 calls were made to Plaintiff. Specifically, Plaintiff received pre-recorded calls from Defendant on October 21, 2019 (from the number 210-625-5255), October 23, 2019 (from the number 562-297-8595), and on November 30, 2019 (from the number 339-333-8771).

23. Plaintiff does not have a relationship with Defendant of any kind. He has never provided his telephone number directly to Defendant and has never requested that Defendant place any calls to him. Plaintiff has never provided any form of prior express written or oral consent to receive calls from or on behalf of Defendant despite listing his number on the National Do Not Call Registry. He has no business or other relationship with the Defendant.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class defined as follows:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called more than one time on his/her telephone; (2) within any 12-month period; (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.
>
> **Stop Call DNC Registry Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's telephone; (4) more than one time during any 12-month period; (5) where the person's telephone number had been listed on the National Do No Call Registry for at least thirty (30) days; (6) for the same purpose as Defendant called Plaintiff; (7) who requested that Defendant stop calling them; and (8) who received at least one additional call from Defendant at least thirty (30) days after requesting that Defendant not call them again.
>
> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a prerecorded voice message, and (3) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call Plaintiff, or (b) they did not obtain prior express written consent.

25. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiffs anticipate the need to amend the class definition following appropriate discovery.

26. **Numerosity:** The exact number of members within each Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed calls to thousands of consumers who fall into the defined Class. Members of the Class can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

27. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

28. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and they have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

29. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant systematically made unsolicited telephone calls to consumers using an artificial or pre-recorded voice and to consumers whose telephone numbers were registered with the National Do Not Call Registry;

(c)     Whether Defendant made unsolicited telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry after consumers asked that the calls stop;

(d)     Whether any third party made the calls and, if so, whether Defendant is liable for such calls;

(e)     Whether the Plaintiffs and the other members of the Classes are entitled to statutory damages; and

(f)     Whether Defendant acted willfully so as to require an award of treble damages.

30.    **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Do Not Call Registry Class)

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy and their right to avoid receiving telephone solicitation to which they object.

33. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

34. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, '*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

35. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or

---

[1] 68 Fed. Reg. 44143, 44166 (July 25, 2003).

entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's not to

receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

36. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers like the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

37. Defendant made multiple unsolicited telephone calls to Plaintiff and the other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Class never provided any form of consent to receive telephone calls from Defendant, and Defendant does not have a current record of consent to place telemarketing calls to them.

38. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the other members of the Class suffered actual harm and, under 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

39. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## SECOND CAUSE OF ACTION
**Violation of 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff and the Stop Call DNC Registry Class)**

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Plaintiff and other members of the Stop Call DNC Registry Class expressly requested that Defendant no longer place calls to them, after which Defendant failed to place Plaintiff and other members of the Stop Call DNC Registry Class on Defendant's internal do-not-call list (or failed to do so within a reasonable time period).

42. More than thirty days following Plaintiff and the other members of the Stop Call DNC Registry Class' express requests to not receive calls from Defendant, Defendant placed additional telemarketing calls seeking to sell its goods or services to them in contradiction of their requests not to be called.

43. Defendant violated 47 C.F.R. § 64.1200 (d) by initiating calls for telemarketing purposes to telephone subscribers, such as Plaintiff, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them. This includes the failure to have a written policy available upon demand for maintaining a do-not-call list and a failure to train its personnel involved in telemarketing in the existence and use of such a policy or list.

44. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Stop Call DNC Registry Class received more than one telephone call within a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiffs and the Stop Call Registry DNC Class suffered actual damages, an invasion of their privacy, and, under 47 U.S.C. § 227(c), are each entitled to, *inter alia*, up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

45. In the event that Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Stop Call Registry DNC Class.

## THIRD CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Prerecorded No Consent Class)

46. Plaintiff repeats and realleges paragraphs 1 through 45 of this Complaint and incorporates them by reference.

47. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

48. These prerecorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Prerecorded No Consent Class.

49. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, pray for the following relief:

   A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing their counsel as Class Counsel;

   B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

   C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

   D. An award of pre- and post-judgment interest;

   E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: February 12, 2020        **JOHN BAKER** individually and on behalf of all others similarly situated,

By: /s/    J. Steven Foley
        One of Plaintiffs' Attorneys

J. Steven Foley
Law Office of J. Steven Foley
100 Pleasant Street #100
Worcester, Massachusetts 01609
Telephone: 508-754-1042
Facsimile: 508-739-4051

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Stephen A. Klein*
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

*Pro Hac Vice Application to be filed*