**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JOHN BAKER**, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>**PALMCO ADMINISTRATION, LLC d/b/a INDRA ENERGY**, a New York limited liability company, **PALMCO POWER PA, LLC d/b/a INDRA ENERGY**, a Pennsylvania limited liability company, and **PALMCO ENERGY PA, LLC d/b/a INDRA ENERGY**, a Pennsylvania limited liability company, **PALMCO ENERGY MA, LLC d/b/a INDRA ENERGY**, a Massachusetts limited liability company, **PALMCO POWER MA, LLC d/b/a INDRA ENERGY**, a Massachusetts limited liability company,<br><br>                Defendants. | Case No. 1:20-cv-10284-DPW<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

      Plaintiff John Baker ("Plaintiff" or "Baker") brings this First Amended Class Action Complaint against Defendants Palmco Administration, LLC d/b/a Indra Energy, ("Palmco"), Palmco Power PA, LLC d/b/a Indra Energy ("Palmco Power PA"), Palmco Energy PA, LLC d/b/a Indra Energy ("Palmco Energy PA"), Palmco Power MA, LLC d/b/a Indra Energy ("Palmco Power MA"), and Palmco Energy MA, LLC d/b/a Indra Energy ("Palmco Energy MA") (collectively "Indra Energy") to stop Indra Energy's practice of placing calls, including pre-recorded calls, to consumers who are registered on the National Do Not Call Registry and who have demanded that Indra Energy stop calling, and to obtain redress for all persons similarly injured by Indra Energy's conduct. Plaintiff also seeks an award of statutory damages to the members of the Classes, plus court costs and reasonable attorneys' fees. Plaintiff, for his First Amended Complaint, alleges as follows upon personal knowledge as to himself and his own acts

1

and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Baker is a natural person over the age of eighteen (18) and is a citizen of Massachusetts. He resides in West Yarmouth, Barnstable County, Massachusetts.

2. Defendant Palmco Administration, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 8751 18th Avenue, Brooklyn, New York 11214. Palmco Administration, LLC does business as Indra Energy.

3. Defendant Palmco Power PA, LLC is a limited liability company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 8751 18th Avenue, Brooklyn, New York 11214. Palmco Power PA, LLC does business as Indra Energy.

4. Defendant Palmco Energy PA, LLC is a limited liability company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 8751 18th Avenue, Brooklyn, New York 11214. Palmco Energy PA, LLC does business as Indra Energy.

5. Defendant Palmco Power MA, LLC is a limited liability company organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 8751 18th Avenue, Brooklyn, New York 11214. Palmco Power MA, LLC does business as Indra Energy.

6. Defendant Palmco Energy MA, LLC is a limited liability company organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 8751 18th Avenue, Brooklyn, New York 11214. Palmco Energy MA, LLC does business as Indra Energy.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

8. This Court has personal jurisdiction over the defendants because they solicit significant business in this District, have entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this First Amended Complaint occurred in, was directed to, and/or emanated from this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a significant portion of the wrongful conduct giving rise to this case occurred in, and/or was directed to this District.

## COMMON ALLEGATIONS OF FACT

10. Defendants collectively act as an energy company offering electricity and natural gas plans under the fictitious name Indra Energy. Further, all defendants share the same principal office location, and, on information and belief, all of the defendants are managed by the same managing member, Robert Palmese.

11. Consequently, for the purposes of this First Amended Class Action Complaint, all defendants will be referred to as the singular entity, Indra Energy.

12. Unfortunately for consumers, Indra Energy cast its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its energy products, Indra Energy conducted (and continues to conduct) a wide scale telemarketing campaign and repeatedly makes unsolicited telemarketing phone calls to residential landline telephones which appear on the National Do Not Call Registry—all without securing prior express consent, and even after consumers ask that the calls stop. Such conduct violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").

13. The Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. ("TCPA") and its implementing regulations, 47 C.F.R. §64.1200, *et seq*. prohibit companies and persons, such as Indra Energy, from placing multiple, repeated calls to persons who have listed their phone numbers on the national Do Not Call registry.

14. In an effort to obtain leads for Indra Energy's services, Indra Energy made (or directed to be made on its behalf) repeated calls to the telephones of Plaintiff and other members of the Classes without first obtaining express consent to do so—in violation of the TCPA.

15. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this First Amended Complaint—calls placed to numbers without prior express written consent to persons who listed their phone numbers on the Do Not Call list.

16. By making the unauthorized calls at issue in this First Amended Complaint, Indra Energy caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such calls. Furthermore, the calls interfered with and interrupted Plaintiff's and the other class members' use and enjoyment of their phones, including the related data, software, and hardware components. Indra Energy also injured the Plaintiff and class members by causing wear and tear on their phones.

17. At no time did Indra Energy obtain prior express consent from Plaintiff and the class members orally or in writing to receive calls from Indra Energy notwithstanding the presence of their phone numbers on the Do Not Call list and notwithstanding them asking Indra Energy to stop calling.

18. Indra Energy knowingly made, and continues to make, telemarketing calls to numbers on the Do Not Call list without the prior express consent of the recipients. As such, Indra Energy not only invaded the personal privacy of Plaintiff and members of the putative Classes, it also intentionally and repeatedly violated the TCPA.

19. Indra Energy was, and is, aware that calls described herein were made to consumers like Plaintiff who have not consented to receive them.

20. To the extent any third party made the calls, the third party acted on behalf of Indra Energy, at Indra Energy's direction and control, for Indra Energy's knowing benefit, and with Indra Energy's approval. Indra Energy ratified the making of any such calls.

21. To redress these injuries, Plaintiff, on behalf of himself and Classes of similarly situated individuals, bring this suit under the TCPA, which prohibits unsolicited calls to telephones registered on the Do Not Call list.

22. On behalf of the Classes, Plaintiff seeks an injunction requiring Indra Energy to cease all unauthorized calling activities to persons registered on the Do Not Call list and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF BAKER

23. Plaintiff Baker is the subscriber to and customary user of the residential landline telephone number ending in 2748.

24. Plaintiff Baker registered the relevant telephone number on the National Do Not Call Registry on November 8, 2015.

25. Plaintiff has received repeated calls from Indra Energy to the telephone number ending in 2748, including calls placed by Indra Energy from the telephone number (888) 269-7397, for months.

26. This includes calls from Indra Energy, received from the number (888) 269-7397, on:

- December 2, 2019 at 9:13 a.m.
- December 6, 2019 at 3:58 a.m.
- December 9, 2019 at 9:16 a.m.
- December 10, 2019 at 9:30 a.m.
- December 11, 2019 at 9:22 a.m.

27. In addition to the calls listed in Paragraph 26, Plaintiff received multiple additional calls from Indra Energy. On some of the calls, Plaintiff requested that the calls stop. The stop requests were made at least 30 days before the December 2019 calls were made to Plaintiff. Specifically, Plaintiff received pre-recorded calls from Indra Energy on October 21, 2019 (from the number 210-625-5255), October 23, 2019 (from the number 562-297-8595), and on November 30, 2019 (from the number 339-333-8771).

28. Plaintiff does not have a relationship with Indra Energy of any kind. He has never provided his telephone number directly to Indra Energy and has never requested that Indra Energy place any calls to him. Plaintiff has never provided any form of prior express written or oral consent to receive calls from or on behalf of Indra Energy despite listing his number on the National Do Not Call Registry. He has no business or other relationship with Indra Energy.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and three nationwide classes defined as follows:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Indra Energy, or a third person acting on behalf of Indra Energy, called more than one time on his/her telephone; (2) within any 12-month period; (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Indra Energy's products and services; and (5) for whom Indra Energy claims it obtained prior express consent in the same manner as Indra Energy claims it supposedly obtained prior express consent to call the Plaintiff.
>
> **Stop Call DNC Registry Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Indra Energy, or a third person acting on behalf of Indra Energy, called; (3) on the person's telephone; (4) more than one time during any 12-month period; (5) where the person's telephone number had been listed on the National Do No Call Registry for at least thirty (30) days; (6) for the same purpose as Indra Energy called Plaintiff; (7) who requested that Indra Energy stop calling them; and (8) who received at least one additional call from Indra Energy at least thirty (30) days after requesting that Indra Energy not call them again.
>
> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Indra Energy (or an agent acting on behalf

of Indra Energy) called (2) using a prerecorded voice message, and (3) for whom Indra Energy claims (a) it obtained prior express written consent in the same manner as Indra Energy claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

30. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Indra Energy, Indra Energy's subsidiaries, parents, successors, predecessors, and any entity in which the Indra Energy or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Indra Energy's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

31. **Numerosity:** The exact number of members within each Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Indra Energy has placed calls to thousands of consumers who fall into the defined Classes. Members of the Classes can be objectively identified through reference to Indra Energy's records, consumer phone records, and other evidence to be gained in discovery.

32. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Indra Energy's uniform wrongful conduct.

33. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and they have retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Classes, and Indra Energy has no defenses unique to Plaintiff.

34. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any

questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

  (a)  Whether Indra Energy's conduct violated the TCPA;

  (b)  Whether Indra Energy systematically made unsolicited telephone calls to consumers using an artificial or pre-recorded voice and to consumers whose telephone numbers were registered with the National Do Not Call Registry;

  (c)  Whether Indra Energy made unsolicited telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry after consumers asked that the calls stop;

  (d)  Whether any third party made the calls and, if so, whether Indra Energy is liable for such calls;

  (e)  Whether the Plaintiff and the other members of the Classes are entitled to statutory damages; and

  (f)  Whether Indra Energy acted willfully so as to require an award of treble damages.

35. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Indra Energy's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Indra Energy's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this First Amended Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of

scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

36. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Indra Energy has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render certification of the Classes for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

### FIRST CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Do Not Call Registry Class)

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy and their right to avoid receiving telephone solicitation to which they object.

39. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, '*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons

described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

35.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

---

[1] 68 Fed. Reg. 44143, 44166 (July 25, 2003).

>(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
>(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

36. Indra Energy violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers like the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Indra Energy, as set forth in 47 C.F.R. § 64.1200(d)(3).

37. Indra Energy made multiple unsolicited telephone calls to Plaintiff and the other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Class never provided any form of consent to receive telephone calls from Indra Energy, and Indra Energy does not have a current record of consent to place telemarketing calls to them.

38. Indra Energy violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Indra Energy in violation of 47 C.F.R. § 64.1200, as described above. As a result of Indra Energy's conduct as alleged herein, Plaintiff and the other members of the Classes suffered actual harm and, under 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

39. To the extent Indra Energy's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 *et seq*.
### (On behalf of Plaintiff and the Stop Call DNC Registry Class)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Plaintiff and other members of the Stop Call DNC Registry Class expressly requested that Indra Energy no longer place calls to them, after which Indra Energy failed to place Plaintiff and other members of the Stop Call DNC Registry Class on Indra Energy's internal do-not-call list (or failed to do so within a reasonable time period).

42. More than thirty days following Plaintiff and the other members of the Stop Call DNC Registry Class' express requests to not receive calls from Indra Energy, Indra Energy placed additional telemarketing calls seeking to sell its goods or services to them in contradiction of their requests not to be called.

43. Indra Energy violated 47 C.F.R. § 64.1200 (d) by initiating calls for telemarketing purposes to telephone subscribers, such as Plaintiff, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them. This includes the failure to have a written policy available upon demand for maintaining a do-not-call list and a failure to train their personnel involved in telemarketing in the existence and use of such a policy or list.

44. Indra Energy violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Stop Call DNC Registry Class received more than one telephone call within a 12-month period made by or on behalf of the Indra Energy in violation of 47 C.F.R. § 64.1200, as described above. As a result

of Indra Energy's conduct as alleged herein, Plaintiff and the Stop Call Registry DNC Class suffered actual damages, an invasion of their privacy, and, under 47 U.S.C. § 227(c), are each entitled to, *inter alia*, up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

45. In the event that Indra Energy's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Stop Call Registry DNC Class.

### THIRD CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Prerecorded No Consent Class)

46. Plaintiff repeats and realleges paragraphs 1 through 45 of this Complaint and incorporates them by reference.

47. Indra Energy and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

48. These prerecorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Prerecorded No Consent Class.

49. Indra Energy has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Indra Energy's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Classes, pray for the following relief:

    A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing their counsel as Class Counsel;

      B.      An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

      C.      An award of trebled damages if willful or knowing violations are shown;

      D.      An order declaring that Indra Energy's actions, as set out above, violate the TCPA;

      E.      An award of pre- and post-judgment interest;

      F.      An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

      G.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 7, 2020

**JOHN BAKER** individually and on behalf of all others similarly situated,

By: _/s/ J. Steven Foley_
      One of Plaintiff's Attorneys

J. Steven Foley
Law Office of J. Steven Foley
100 Pleasant Street #100
Worcester, Massachusetts 01609
Telephone: 508-754-1042
Facsimile: 508-739-4051

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Stephen A. Klein*
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300

Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

*Pro Hac Vice Application to be filed*