UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BAKER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PALMCO ADMINISTRATION, LLC d/b/a INDRA ENERGY, a New York limited liability company, PALMCO POWER PA, LLC d/b/a INDRA ENERGY, a Pennsylvania limited liability company, and PALMCO ENERGY PA, LLC d/b/a INDRA ENERGY, a Pennsylvania limited liability company, PALMCO ENERGY MA, LLC d/b/a INDRA ENERGY, a Massachusetts limited liability company, PALMCO POWER MA, LLC d/b/a INDRA ENERGY, a Massachusetts limited liability company,<br><br>        Defendants. | CIVIL ACTION NO. 1:20-cv-10284-DPW |

**MEMORANDUM OF LAW IN SUPPORT OF RULE 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, RULE 12(B)(6) MOTION TO DISMISS, AND/OR MOTION FOR MORE DEFINITE STATEMENT BY DEFENDANTS PALMCO ADMINISTRATION, LLC, PALMCO POWER PA, LLC AND PALMCO ENERGY PA, LLC**

Defendants PALMCO ADMINISTRATION, LLC, PALMCO POWER PA, LLC and PALMCO ENERGY PA, LLC (collectively "out-of-state Defendants") submit the following memorandum in support of their Motions to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim.

**INTRODUCTION AND FACTS**

Plaintiff's action arises under the Telephone Consumer Protection Act ("TCPA"), 15 U.S.C. § 227 *et seq*. Plaintiff asserts his claim against five defendants, two of which, PALMCO POWER MA, LLC and PALMCO ENERGY MA, LLC are Massachusetts companies. Those two in-state defendants are not parties to this motion. However, the other three defendants,

PALMCO ADMINISTRATION, LLC, PALMCO POWER PA, LLC and PALMCO ENERGY PA, LLC, are out-of-state defendants who have no connection whatsoever to this forum.

Plaintiff alleges that Defendant PALMCO ADMINISTRATION, LLC is a New York company with a principal place of business in New York. DE4 ¶ 2. Defendant PALMCO POWER PA, LLC is alleged to be a Pennsylvania company with a principal place of business in New York. DE4 ¶ 3. Defendant PALMCO ENERGY PA, LLC is alleged to be a Pennsylvania company with a principal place of business in New York. DE4 ¶ 4.

Plaintiff alleges he resides in Massachusetts and that he received the operative telephone calls that form the basis for his claims on his "residential landline" which is presumably also in Massachusetts. DE4 ¶¶ 1, 23. Plaintiff apparently does not know who called him. So, it appears that plaintiff has only named the out-of-state Defendants to this lawsuit because he is speculating as to the source of the calls.

However, none of these out-of-state Defendants make telephone calls to consumers in Massachusetts. *See* Exhibit A, Affidavits of Palmco Energy PA, LLC, Palmco Power PA, LLC and Palmco Administration, LLC. None of the out-of-state Defendants called plaintiff. *Id*. These out-of-state Defendants do not have any employees in Massachusetts, do not maintain any offices in Massachusetts and do not do business in Massachusetts. *Id*.

Palmco Administration, LLC is not even an energy company. It is an administrative services company. Palmco Administration, LLC does not offer electricity and/or natural gas plans to consumers. Ex. A.

Further, while Palmco Energy PA, LLC and Palmco Power PA, LLC might be involved with supplying energy and/or power to consumers *in Pennsylvania*, they have no customers in Massachusetts and do not attempt sales in Massachusetts. Neither entity attempts to promote

business, solicit, telemarket and/or generate leads in Massachusetts and/or to Massachusetts addresses and/to Massachusetts telephone prefixes. Ex. A. Accordingly, the out-of-state Defendants do not have sufficient minimum contacts with the Commonwealth of Massachusetts to satisfy due process under the United States Constitution and they should be dismissed from this case for lack of personal jurisdiction.

Additionally, the Amended Complaint refers generally to all named defendants as a collective "Indra Energy" throughout the complaint. The Amended Complaint is apparently arranged as so simply because it alleges the same address is listed for all entities and that such entities have the same managing member. DE4 ¶¶ 10-11. However, as a result, the Amended Complaint fails to delineate to which entity any specific acts are attributed. The Amended Complaint therefore should be dismissed pursuant to Rule 12(b)(6) because it is impossible to discern the party allegedly responsible for the actions upon which each cause of action is based. *See, e.g*, *Levi Chicoine v. Gulliver's Tavern Incorporated*, 2016 WL 552469, at *3 n.2 (D.R.I. 2016). In the alternative, the out-of-state Defendants move for a more definite statement.

## ARGUMENT

A federal district court may exercise personal jurisdiction over non-resident defendants to the same extent as a state court in the state in which the district court is located. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, N.A.*, 290 F.3d 42, 51 (1st Cir. 2002). Massachusetts courts have personal jurisdiction over non-residents only if jurisdiction comports with Due Process and is permitted by a Massachusetts statute, such as the long-arm statute, Mass. Gen. Laws Chapter 223A, § 3. *See Bulldog Investors Gen. P'Ship v. Sec'y of the Commonweatlth*, 457 Mass. 210, 215, 929 N.E.2d 293 (2010).

In other words, here, for this Court to exercise personal jurisdiction over the out-of-state Defendants, the plaintiff must prove that (1) the exercise of jurisdiction is authorized by the Massachusetts long-arm statute, and (2) the out-of-state Defendants have sufficient minimum contacts with Massachusetts to be consistent with the due process requirements of the United States Constitution. *Sun Life Assur. Co. of Canada v. Sun Bancorp, Inc.*, 946 F. Supp. 2d 182, 186 (D. Mass. 2012).

Plaintiff cannot satisfy either jurisdictional requirement with respect to the out-of-state Defendants and therefore they should be dismissed from this case.

**I.      This Court Lacks Personal Jurisdiction Over the Out-of-State Defendants**.

A district court may exercise personal jurisdiction over a defendant by virtue of either general or specific jurisdiction. *U.S. Bank v. Swiss American Bank, Ltd.*, 274 F. 3d 610, 618 (1st Cir. 2001). General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state. *United Elec. Radio and Mach. Workers of AM. v. 163 Pleasant Street Corp*., 960 F. 2d 1080, 1088 (1st Cir. 1992). Specific jurisdiction arises when "the cause of action arises directly out of, or relates to, the Defendant's forum-based contacts." *Id*, at 1088-89.

Because the out-of-state Defendants do not have any connections to the Commonwealth of Massachusetts, this Court cannot assert general jurisdiction over them. Consequently, in order for this Court to exercise jurisdiction over the out-of-state Defendants, plaintiff bears the burden of proving, with competent evidence of specific facts, that the Massachusetts long-arm statute grants jurisdiction over them and federal due process permits it. *See e.g., Noonan v. The Winston Co.*, 135 F. 3d 85, 89 (1st Cir. 1998); *Barrett v. Lombardi*, 239 F. 3d 23, 26 (1st Cir. 2001).

Compliance with the federal due process standard involves a more extensive showing than compliance with the Massachusetts long-arm statute. *Barrett*, 239 F. 3d at 26. The plaintiff must show (a) the Massachusetts long-arm statute authorizes jurisdiction, (b) the defendant has sufficient minimum contacts with Massachusetts out of which plaintiff's cause of action arises so that the exercise of jurisdiction does not offend due process; and (c) the exercise of jurisdiction is reasonable in light of judicially articulated gestalt factors. *Noonan v. The Winston Co*., 135 F.3d 85, 89 (1st Cir. 1998). A defendant must be dismissed if the plaintiff fails to satisfy even one of these requirements. *Id*. *See also Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 781 n.13 (1984).

### A. Plaintiff Cannot Satisfy the Requirements Of The Massachusetts Long-Arm Statute.

Plaintiff has not alleged any basis for this Court to assert jurisdiction over the out-of-state Defendants and none of the bases set forth in the Massachusetts jurisdiction statute apply to this case. M.G.L. c. 223A.

The First Circuit has suggested that "the Massachusetts long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution," *Copia Communications, LLC v. AMResorts, L.P.*, 812 F. 3d 1, 4 (1st Cir. 2016). For jurisdiction to exist under the relevant portion of the Massachusetts statute, Section 3, "the facts must satisfy two requirements--the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant." *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 769-71, 625 N.E.2d 549 (1994); *see also Evans Cabinet Corp. v. Kitchen Int'l, Inc.*, 593 F.3d 135, 146 (1st Cir. 2010).

However, Section 3 does not apply here because none of the out-of-state Defendants transact business in Massachusetts.[1]  Section 3(a) only permits a court to assert personal jurisdiction if the cause of action "aris[es] from" the defendant's "transacting business in this Commonwealth."  *See Nowak v. Tak How Inv., Ltd.*, 94 F.3d 708, 712 (1st Cir 1996), *cert. den.*, 117 S.Ct. 1333 (1997). The standard is whether a claim was made possible by, or lies in the wake of, the transaction of business in the forum state. *Massachusetts Sch. of Law v. Amer. Bar Assoc.*, 959 F. Supp. 36, 39 (D. Mass 1997) (quoting *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 770-71 (1994)).  The "transacting business" test under section 3(a) is designed to identify "deliberate, as distinguished from fortuitous, contacts with the forum by the non-resident." *Aub v. Technicolor Entertainment Services*, 224 F. Supp. 2d 371 (D. Mass. 2002) (*citing Lyle Richards Intern., Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 113 (1st Cir. 1997)).  Personal jurisdiction does not exist where the nonresident's contacts with Massachusetts were "purely incidental" to the business transactions, or were "random or isolated events" opposed to a larger systematic effort to garner business from Massachusetts business and residents. *Aub*, 224 F. Supp. 2d at 373 (*citing Tatro, supra*).  A key consideration is whether the defendant attempted to participate in the Commonwealth's economic life.  *United Electrical, Radio & Machine Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1087 (1st Cir. 1992).

Plaintiff cannot show that the out-of-state Defendants transacted business in Massachusetts.  None of the out-of-state Defendants do anything in Massachusetts and they are not part of any effort to participate in the Commonwealth's economic life.  It is unknown why they were even named in this lawsuit other than that it appears plaintiff does not know who

---

[1] None of the out-of-state Defendants are domiciled in, organized under the laws of, or maintain their principal place of business in Massachusetts. M.G.L. c. 223A § 2.

called him. Therefore, in a fit of rampant speculation, he has sued multiple corporate names perfunctorily researched off the Internet in the hopes one of them was involved.

In *Aub v. Technicolor Entertainment Services*, 224 F. Supp. 2d 371 (D. Mass. 2002), a Massachusetts resident filed suit in Massachusetts against a Delaware corporation for payment of a commission fee after she facilitated an advertising deal between the Delaware corporation and a new customer in New York. The defendant moved to dismiss for lack of personal jurisdiction. The Court noted that the defendant was a Delaware corporation headquartered in California with no office or telephone listing in Massachusetts, had no customers based in Massachusetts, and did not regularly solicit customers in Massachusetts. 224 F. Supp. 2d at 372. The plaintiff's location in Massachusetts was irrelevant to the defendant's reasons for hiring her and to the function she was performing on defendant's behalf. Although there were mail and telephone communications between the parties, the Court concluded that this was not enough to find that the defendant transacted business *in* Massachusetts. Recognizing that "[t]he only reason [defendant] ever had any contacts with Massachusetts was because [plaintiff] chose to move her consulting business from California to Massachusetts," the Court dismissed the defendant for lack of personal jurisdiction. *Id*. at 374.

Clearly, the out-of-state Defendants here are not deliberately attempting to participate in the economic life of the Commonwealth. Rather, they have no contacts with the Commonwealth. They did not call the plaintiff nor would they have any reason to do so. The out-of-state Defendants were not transacting business in the Commonwealth of Massachusetts and jurisdiction cannot be established pursuant to Chapter 223, § 3(a).

**B.     The Allegations Of The Complaint Do Not Satisfy The Requirements Of Minimum Contacts and Due Process**.

In situations where personal jurisdiction over a defendant is authorized by Massachusetts' long-arm statute, a Massachusetts court still cannot assert jurisdiction over an out-of-state defendant if doing so would violate the due process clause of the United States Constitution. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The fundamental question to be answered is whether it can be said that the defendant purposefully availed itself of the state's laws.  *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112-13 (1987).  Purposeful availment requires that the conduct of the foreign defendant reflects such deliberate connection with the forum state that it should reasonably expect to be haled into court there.  *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985).  It is not enough for a plaintiff to assert that his cause of action arose out of the general relationship of the parties, rather the cause of action must "*directly arise* out of the *specific contacts* between the defendant and the forum state." *Fern v. Immergut*, 55 Mass App. Ct. 577, 584 (2002); *see also id*. at 585 (q*uoting Nash Finch Co. v. Preston*, 867 F.Supp. 866, 868 (D. Minn. 1994) ("[T]o establish purposeful availment [an] 'out-of-state lawyer must do more than merely communicate with persons in the forum state at the client's behest.")).

Here, the out-of-state Defendants did not purposefully avail themselves of the laws of Massachusetts.  To the contrary, they are registered under the laws of different states, are located in different states, and never maintained any offices in Massachusetts nor owned any property in Massachusetts.  There are no connections between the out-of-state Defendants and Massachusetts.  Under no circumstances could the out-of-state Defendants have anticipated being haled into court in Massachusetts and the minimum contacts necessary to satisfy due process requirements are not present in this case.

## C. Reasonableness and Due Process: The Gestalt Factors.

Even if minimum contacts did exist, the exercise of personal jurisdiction cannot offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen*, 444 U.S. 286, 292, 106 S.Ct. 559, L.Ed.2d 490 (1980). To determine whether the exercise of personal jurisdiction would be reasonable the Court considers five gestalt factors: (1) the burden on the defendants of appearing, (2) the interests of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interest of the judicial system obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies. *Martha's Vineyard Scuba Headquarters, Inc. v. McCluskie*, 922 F. Supp. 2d 150, 156 (D. Mass. 2013). The primary function of the Gestalt factors is to illuminate the equitable dimensions of a specific situation, thus "putt[ing] into sharper perspective the reasonableness and fundamental fairness of exercising jurisdiction in that situation." *U.S. v. Swiss American Bank, Ltd.*, 274 F. 3d 610, 635 (1st Cir. 2001).

Considering these five factors, the burden facing the out-of-state Defendants vastly outweighs any legitimate interest plaintiff may have in adjudicating his dispute in Massachusetts. There is no connection between the Commonwealth and the out-of-state Defendants and they should not be required to come from out-of-state to Massachusetts to defend themselves.

## D. Dismissal Pursuant to Rule 12(b)(6) or for a More Definite Statement

"In order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira–Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). Against that backdrop, conspicuously absent from Plaintiff's complaint are sufficient allegations delineating the specific actions of any named defendant—most notably those of the

out-of-state Defendants. Such failure is likely consistent with the fact that the out-of-state Defendants do not conduct or transact business in the Commonwealth of Massachusetts. In any event, the absence of these allegations is fatal to the complaint in the first instance as there are no allegations to form the predicate for personal jurisdiction. Indeed, such failure further constitutes impermissible group pleading and necessitates dismissal. *See, e.g*, *Levi Chicoine v. Gulliver's Tavern Incorporated*, 2016 WL 552469, at *3 n.2 (D.R.I. 2016) ("Plaintiffs argued that they made specific allegations against the [the Defendants] by alleging, generally, that all 'Defendants' engaged in certain conduct. This Court agrees with the holding in *Schofield v. U.S. Bank N.A.*, No. CA 11-170-M, 2012 WL 3011759 (D.R.I. July 23, 2012), that general reference to Defendants throughout Amended Complaint No. 2, does not satisfy the requirement of pleading specific and plausible allegations. Without some semblance of factual allegations and an indication of which Defendant acted and when, that ties the Defendants' specific action to a recognized cause of action, Plaintiffs have not alleged claims against the individual defendants for which relief can be granted.") (quotation marks omitted). As a result, should this Court not enter a judgment of dismissal for want of personal jurisdiction, the out-of-state Defendants request in the alternative a more definite statement as to the out-of-state Defendants' alleged conduct.

## CONCLUSION

The out-of-state Defendants do not have sufficient minimum contacts with Massachusetts. Accordingly, these out-of-state Defendants must be dismissed from this case for lack of personal jurisdiction. The only reason these out-of-state Defendants have been brought before this Court is because (1) the Plaintiff resides in Massachusetts; and (2) the Plaintiff hoped one of the out-of-state Defendants might luckily have been involved in calling him. Those

circumstances are not sufficient to force out-of-state companies and out-of-state residents to defend themselves in this jurisdiction.  *See Ex. A.*  Accordingly, the out-of-state Defendants should be dismissed from this action for lack of personal jurisdiction.  Second, due to the nature of the allegations in the Amended Complaint, the out-of-state Defendants should be dismissed pursuant to Rule 12(b)(6) or, in the alternative, be granted a motion for more definite statement so that the out-of-state Defendants can adequately respond to any actions that they are alleged to have undertaken individually.

        Respectfully submitted,

        Attorney for Defendants,
        PALMCO ADMINISTRATION, LLC d/b/a INDRA ENERGY, a New York limited liability company, PALMCO POWER PA, LLC d/b/a INDRA ENERGY, a Pennsylvania limited liability company, and PALMCO ENERGY PA, LLC d/b/a INDRA ENERGY, a Pennsylvania limited liability company, PALMCO ENERGY MA, LLC d/b/a INDRA ENERGY, Massachusetts limited liability company, PALMCO POWER MA, LLC d/b/a INDRA ENERGY, a Massachusetts limited liability company
        By: Their Attorney

        /s/ Steven E. DiCairano
        Steven E. DiCairano, BBO #694228
        HINSHAW & CULBERTSON LLP
        53 State Street, 27th Floor
        Boston, MA 02109
        617-213-7000
        617-213-7001  (facsimile)
        sdicairano@hinshawlaw.com

Dated:        June 12, 2020

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel certifies that he has conferred with Plaintiff and attempted in good faith to resolve or narrow the issue that this motion raises.

/s/ Steven E. DiCairano
Steven E. DiCairano

## CERTIFICATE OF SERVICE

I, Steven E. DiCairano, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Steven E. DiCairano
Steven E. DiCairano