**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JOHN BAKER**, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>**PALMCO ADMINISTRATION, LLC d/b/a INDRA ENERGY**, a New York limited liability company, **PALMCO POWER PA, LLC d/b/a INDRA ENERGY**, a Pennsylvania limited liability company, and **PALMCO ENERGY PA, LLC d/b/a INDRA ENERGY**, a Pennsylvania limited liability company, **PALMCO ENERGY MA, LLC d/b/a INDRA ENERGY**, a Massachusetts limited liability company, **PALMCO POWER MA, LLC d/b/a INDRA ENERGY**, a Massachusetts limited liability company,<br><br>                Defendants. | Case No. 1:20-cv-10284-DPW<br><br>**RESPONSE IN OPPOSITION TO MOTION TO DISMISS** |

**I.   INTRODUCTION**

This case challenges Indra Energy's serial violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff John Baker's ("Plaintiff" or "Baker") allegations are straightforward: without first securing prior express written consent, Indra Energy places repeated telemarketing calls to consumers nationwide, including calls featuring a pre-recording voice and including calls to persons registered on the National Do Not Call Registry who asked Indra Energy to stop calling.

Indra Energy operates with a complicated web of entities, five of which are named as defendants in this case: Palmco Administration, LLC, Palmco Power PA, LLC, Palmco Energy PA, LLC, Palmco Power MA, LLC, and Palmco Energy MA, LLC. Plaintiff alleges that each of

these entities does business under the fictitious name "Indra Energy", has its principal place of business located at 8751 18th Avenue, Brooklyn, New York 11214, and are managed by the same managing member, Robert Palmese. (Compl. ¶¶ 2-6, 10.) Two of these defendants (Palmco Energy MA, LLC and Palmco Power MA, LLC) have answered the Complaint. The other three (referred to herein as "the Movants") have moved to dismiss, arguing that the Court lacks jurisdiction over them or, in the alternative, for a more definite statement.

Defendant's arguments lack merit and should be denied. As explained below, Baker successfully pleads facts demonstrating the Court's personal jurisdiction over the Movants. Baker received the calls at his home in Massachusetts, which is plainly sufficient to confer specific jurisdiction, and plainly alleges that Indra Energy is organized in such a way that its various entities are alter egos of one another. To the extent there is any question, the Court should permit the parties to engaged in jurisdictional discovery.

## II.     FACTUAL BACKGROUND

Defendants in this case collectively act as an energy company offering electricity and natural gas plans under the fictitious name Indra Energy. (Compl. ¶ 10.) All Defendants share the same principal office location and are managed by the same managing member, Robert Palmese. (*Id.*)

Plaintiff John Baker resides in West Yarmouth, Massachusetts and registered his home phone number on the National Do Not Call Registry on November 8, 2015. (Compl. ¶¶ 1, 24.) baker alleges that he received repeated calls from Indra Energy to his home phone from the number (888) 269, 7397, including on December 2, 2019, December 6 2019, December 9, 2019, December 10, 2019, and December 11, 2019. (Compl. ¶ 26.) Plaintiff alleges that he received numerous additional calls from Indra Energy prior to these December 2019 calls and on some of

the calls requested that the calls stop, yet they continued. (Compl. ¶ 27.) Additionally, Plaintiff received pre-recorded calls to his home phone from Indra Energy on October 21, 2019, October 23, 2019, and November 30, 2019. (*Id.*) Baker does not have a relationship with Indra Energy and has never provided his telephone number to Indra Energy, nor has he ever requested that Indra Energy call him. (Compl. ¶ 28.) As such, Plaintiff filed the instant class action under the TCPA to challenge Defendants' unlawful conduct. (Dkt. 1.)

### III. ARGUMENT

When considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "a court must accept the plaintiff's allegations as true—construing disputes in favor of plaintiff." *Quality Intern. Packaging, Ltd. v. Chamilia Inc.*, No. 13-5235, 2015 WL 4749156, *2 (D.N.J. August 5, 2015) (citing *Pinker v. Roche Holdings. Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002)). Once the plaintiff has made a prima facie case for jurisdiction based upon minimum contacts, the burden falls on the defendant to show that the assertion of jurisdiction is *unconstitutional*." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992) (emphasis in original).

The First Circuit has "construed the Massachusetts long-arm statute to be coextensive with the limits allowed by the United States Constitution." *Hannon v. Beard,* 524 F.3d 275, 280 (1st Cir. 2008).

To the extent that factual questions need to be resolved regarding the nature of the Court's jurisdiction or any contacts or relationships the Defendant or its agents have with the forum, the Supreme Court has held that "discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir.

3

2003) ("If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state'…,the plaintiff's right to conduct jurisdictional discovery should be sustained.")

As explained below, the Court should deny Movants' Motion to Dismiss.

### A. Movants cannot escape liability or defeat jurisdiction simply by asserting that they didn't personally make the phone calls at issue in the Complaint— alter ego liability applies

Movants' Motion to Dismiss should also be denied because the facts suggest that Movants and the co-Defendants were alter egos of each other.

In Massachusetts, "the circumstances regarding veil-piercing 'have been frequently discussed' and are particularly applicable (a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control, in the activities of another and there is some fraudulent or injurious consequence ... or **(b) when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities"**). *Int'l Envtl. Mgmt., Inc. v. Envirotron, Ltd.*, 724 F. Supp. 2d 230, 236–37 (D. Mass. 2010) (emphasis added) (quoting *My Bread Baking Co. v. Cumberland Farms, Inc.,* 353 Mass. 614, 233 N.E.2d 748, 751–52 (Mass.1968)). "[T]he purpose of…alter ego liability and piercing the corporate veil 'is to prevent an independent corporation from being used to defeat the ends of justice, to perpetrate fraud, to accomplish a crime, or otherwise to evade the law…'" *Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171 (3d Cir. 2002) (citing *State Dep't of Envtl. Protect. V. Ventron Corp.*, 94 N.J. 473, 500, 468 A.2d 150 (1983) (internal citations omitted)); *see also Blair v. Infineon Technologies AG*, 720 F.Supp.2d 462, 472-73 (D. Del. 2010) (finding alter ego liability where parent corporation conducted management and

corporate functions for its subsidiary and board of subsidiary was comprised of board members for the parent).

On the facts presently known, it is clear that there is a "confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities". As explained above, each defendant does business under the fictitious name "Indra Energy", has its principal place of business located at 8751 18th Avenue, Brooklyn, New York 11214, and is managed by the same managing member, Robert Palmese. (Compl. ¶¶ 2-6, 10.) The relationship between the various entities that comprise "Indra Energy" is far from clear at this stage. But what *is* clear is that Movants' submitted three virtually identical declarations **from the same person** in support of its Motion, further highlighting the complete intermingling of activities between the various Indra Energy entities. (*See* Dkt. 18-1.) Thus, as the facts adduced in discovery could ultimately show the Indra Energy entities failed to properly observe corporate formalities, there is no basis for concluding solely on the papers submitted to date that Movants may dodge the Court's jurisdiction simply because they may have funneled the making of the calls through different alter egos.

Moreover, Movants state that "it is unknown why they were even named in this lawsuit other than it appears plaintiff does not know who called him . . .in a fit of rampant speculation, he has sued multiple corporate names perfunctorily researched off the Internet in the hopes one of them was involved". On the contrary, Indra Energy sent Baker a draft settlement agreement pre-suit (and before he retained undersigned counsel) in an attempt to settle his individual claim, which he rejected. (*See* "Pre-suit Offered Agreement", a true and accurate copy of which is

attached hereto as Group Ex. A.)[1] In that agreement, Movants along with "any other entities that exist with the words 'INDRA' or 'PALMCO' in their name" were listed in Indra Energy's proposed agreement as "Defendants". (*See Id.*)[2] Thus, this was not "a fit of rampant speculation"—Movants were listed in the proposed agreement that they themselves sent Baker. Furthermore "any other entities that exist with the words 'INDRA' or "PALMCO' in their name" lends further support to alter ego liability.

The Motion to Dismiss should be denied, and Baker should be afforded the opportunity to untangle this web.

> **B.** **Indra Energy's repeated telephone calls directed toward consumers in Massachusetts establish sufficient minimal contacts with the State.**

To comport with due process, a defendant must have fair warning that its conduct might subject it to the jurisdiction of courts within the forum. "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, th[e] 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984)). Specific jurisdiction thus requires that two elements be satisfied: (1) "the relationship

---

[1] The Court may consider this evidence for jurisdictional purposes. *Messier v. Ace Am. Ins. Co.,* 12–CV–892–JD, 2013 WL 5423716, at *1 (D.R.I. Sept. 26, 2013) ("Even though settlement offers are inadmissible to prove liability under Rule 408 ..., they are admissible to show that the amount in controversy for jurisdictional purposes has not been met."); *Wright Family Invs., LLC v. Jordan Carriers, Inc.,* No. 12–cv–0826, 2012 WL 2457664, at *2–4 (W.D. La. June 25, 2012) (pre-suit settlement demand for approximately $8,000 is some evidence that jurisdictional minimum not met).

[2] Plaintiff has redacted the dollar amount offered as well as the other provisions of the offered (and rejected) agreement, as all that is relevant for these purposes is the entities Indra Energy listed in its proposed release. If the Court would like to review the entire agreement, Plaintiff can provide it for the Court's review.

must arise out of contacts that the 'defendant himself' creates with the forum State" and (2) the defendant must have "minimal contacts" with the forum state to subject it to personal jurisdiction. *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984) (finding specific jurisdiction existed where Hustler sent thousands of magazines by mail to consumers in forum state).

Courts have repeatedly found that an out-of-state defendant who makes calls to consumers in a forum state in violation of the TCPA have created sufficient minimum contacts so as to subject the defendants to the jurisdiction of courts in the forum state. *See n j2 Global Communications, Inc. v. Blue Jay, Inc.,* No. C–08–4254–PJH, 2009 WL 29905, at *10 (N.D. Cal. Jan. 5, 2009); *Hudak v. Berkley Group, Inc.,* No. 3:13–cv–00089–WWE, 2014 WL 354676, at *3 (D.Conn. January 23, 2014); *Heidorn v. BDD Marketing & Management Company, LLC,* Case No. C–13–00229 JCS, 2013 WL 6571629, 8 (N.D. Cal. August 19, 2013) (where "the defendant has directed its activities at the forum state by calling the plaintiff without the plaintiff's consent, the TCPA claim arises out of that conduct, and exercise of jurisdiction is not unreasonable"); *see also Baker v. Caribbean Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) ("The Court finds that complaint in this case is sufficient to establish specific jurisdiction, based on the allegation that Defendant made calls to Plaintiff's Arizona number and the fact that those calls are the basis for Plaintiff's claims. Defendant has not presented a compelling case that jurisdiction here would not be reasonable.")

Indra Energy's calls—no matter which alter ego entity made them—similarly reached Baker in Massachusetts so as to establish the minimal contacts needed to invoke the Court's jurisdiction. The calls were made to Baker's Massachusetts phone number. Taking these facts

7

together, it is evident that Indra Energy intentionally targeted consumers in Massachusetts to generate business from consumers located in the forum state.

Accordingly, the Court should find that specific jurisdiction exists, which gives the Court personal jurisdiction over Movants for the purposes of this litigation.

### C. To the extent jurisdiction is in any way in doubt the Court should allow Plaintiff to conduct limited jurisdictional discovery.

In the event the Court has any questions as to its ability to hear and decide this case, the Court should grant the Plaintiff leave to perform jurisdictional discovery. *W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al.,* 968 F.Supp. 996, 1001 (D.N.J. 1997) (denying defendant's motion to dismiss where the plaintiffs' "request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant."); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.,* 1989 WL 136277, at *1 (E.D. Pa. Nov. 8, 1989) (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts).

Indeed, "'If the plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Eurofins Pharma US Holding v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992)). That is, "[a]lthough the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker*, 292 F.3d at 368, the courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Toys "R" Us, Inc..*, 318 F.3d at 456 (citing *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107

8

F.3d 1026, 1042 (3d Cir. 1997)); *see also  Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (explaining that "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *In re Chocolate Confectionary Antitrust Litigation*, 602 F.Supp.2d 538, 572 (M.D. Pa. 2009) (allowing for jurisdictional discovery where question arose as to whether companies were alter egos); *In re Automotive Refinishing Paint Antitrust Litigation,* 2002 WL 31261330, at *9 (E.D. Pa. July 31, 2002) (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over Defendants").

As explained above, specific jurisdiction exists because the Indra Energy alter egos made dozens (and perhaps hundreds or thousands) of calls to Plaintiff Baker and the putative class members' Massachusetts telephone numbers. Nevertheless, the Court could find that questions persist regarding the alter ego status or other jurisdictional questions. Thus, to the extent the Court has any doubts, it should grant Plaintiff leave to conduct limited jurisdictional discovery, which would include 5-10 interrogatories, 10-15 document requests, and potentially the deposition of Mr. Palmese. Dismissal on the present record is simply unsupported (and unsupportable).

### D.   A more definite statement is not warranted here

Finally, Defendant's alternative request for a more definite statement is not warranted here. "A motion for more definite statement is granted only "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Haghkerdar v. Husson Coll.*, 226 F.R.D. 12, 13–14 (D. Me. 2005). Rule 12(e) motions are not favored "in light of the availability of pretrial discovery procedures." *Cox v. Maine Mar. Acad.,* 122 F.R.D. 115, 116 (D.Me.1988). The "Federal Rules

9

employ the concept of notice pleading, and, for this reason, motions for a more definite statement are not favored." *Delta Educ., Inc. v. Langlois,* 719 F.Supp. 42, 50 (D.N.H.1989). The "motion is granted sparingly since it is not to be used as a substitute for discovery in trial preparation ... but is to be used only when a pleading is too general." *Town of Hooksett Sch. Dist. v. W.R. Grace & Co.,* 617 F.Supp. 126, 135 (D.N.H.1984). Rule 12(e) motions are designed to "strike at unintelligibility, rather than at lack of detail in the complaint." *Cox,* 122 F.R.D. at 116. Accordingly, a Rule 12(e) motion properly is granted "only when a party is unable to determine the issues he must meet." *Husson Coll.*, 226 F.R.D. at 14.

Such relief is not appropriate here. The Complaint adequately alleges that all five defendants do business as Indra Energy, are headquartered at the same address, and have the same managers. Thus, is plausibly alleges that all five defendants in this case are alter egos of one another, and exist in a confusing web of activity involving many different entities engaged in a common enterprise with no regard for the separate nature of the various entities, so that they can all be held liable for the unlawful practices at issue. As a result, Movants are on notice of what Plaintiff claims they did wrong and allows them to frame a responsive pleading.

A more definite statement is therefore not required here, and the Motion should be denied for this reason as well.

## IV. CONCLUSION

The Court should deny Defendant's Motion to Dismiss for lack of jurisdiction. The Indra Energy entities, all alter egos of one another, made unsolicited telemarketing calls to Plaintiff and other consumers in Massachusetts—facts that courts have cited regularly to find that they have jurisdiction over the party that caused the calls to be made.

Respectfully submitted,

Dated: June 26, 2020            **JOHN BAKER** individually and on behalf of all others similarly situated,

By: /s/ Patrick H. Peluso
       One of Plaintiff's Attorneys

J. Steven Foley
Law Office of J. Steven Foley
100 Pleasant Street #100
Worcester, Massachusetts 01609
Telephone: 508-754-1042
Facsimile: 508-739-4051

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Stephen A. Klein*
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice*

## Certificate of Service

I hereby certify that, on the date indicated below, the foregoing document (and any attachments or accompanying documents) was served via the Court's CM/ECF System on counsel for all parties who have appeared in this matter.

    /s/ Patrick H. Peluso

Dated: June 26, 2020