UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PALMCO ADMINISTRATION, LLC d/b/a INDRA ENERGY, a New York limited liability company, PALMCO POWER PA, LLC d/b/a INDRA ENERGY, a Pennsylvania limited liability company, and PALMCO ENERGY PA, LLC d/b/a INDRA ENERGY, a Pennsylvania limited liability company, PALMCO ENERGY MA, LLC d/b/a INDRA ENERGY, Massachusetts limited liability company, PALMCO POWER MA, LLC d/b/a INDRA ENERGY, a Massachusetts limited liability company,<br><br>Defendants. | CIVIL ACTION NO. 1:20-cv-10284-DPW |

**LEAVE TO FILE GRANTED ON AUGUST 5, 2020**

**DEFENDANTS' REPLY MEMORANDUM AND MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS INASMUCH AS IT CONTAINS CONFIDENTIAL SETTLEMENT COMMUNICATIONS**

Defendants PALMCO ADMINISTRATION, LLC, PALMCO POWER PA, LLC and PALMCO ENERGY PA, LLC (collectively Defendants) submit the following reply memorandum in response to Plaintiff's opposition to Defendants' motion to dismiss, along with their memorandum in support of their motion to strike and/or file under seal Plaintiff's Opposition to Defendants' motion to dismiss, including the exhibit thereto, because it includes confidential settlement communications.

A. The Confidential Settlement Communications Are Inadmissible

As a preliminary matter, with regard to the Plaintiff's erroneous inclusion of confidential settlement discussions, Plaintiff attaches as Exhibit A to its Opposition an email to Plaintiff from

counsel for Defendants, the very first line of which is: "This email is in follow-up to our settlement discussions this weekend. As discussed . . . ." *See* Ex. A, Pl.'s Opp. to Defts.' Mot. to Dismiss (Docket #20). That email correspondence includes Defendants' rationale in connection with the settlement negotiation, and attaches a proposed general release for a certain amount.[1] Thus, there can be no argument that this correspondence was not made in connection with settlement negotiations.

It is plain that settlement communications are inadmissible for the purposes for which they are offered here. Federal Rule of Evidence 408 provides, in pertinent part, that:

> Evidence of the following is not admissible — on behalf of any party — either to prove or disprove *the validity . . . of a disputed claim* or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim . . . .

Fed. R. Evid. 408 (emphasis added). Although Rule 408 allows settlement communications to be used for purposes "such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution," it explicitly proscribes the use of such communications to "prove or disprove the validity . . . of a disputed claim." Fed. R. Evid. 408. Here, the settlement communications are being used for precisely that purpose—that is, in an effort to prove Plaintiff's newly advanced theory of liability, discussed *infra*, that all the Defendants are allegedly a singular entity which are alter egos of one

---

[1] Although the proposed amount of the settlement has been redacted, the nature of the communication is in the context of settlement discussions and contains the impressions of counsel for Defendants. As a result, the mere redaction of the proposed dollar amount—and that alone—is woefully insufficient to protect the confidential nature of such communications.

another.  *Gallagher v. Funeral Source One Supply and Equip. Co., Inc.*, 14-CV-115-PB, 2015 WL 773737, at *2 (D.N.H. Feb. 24, 2015) (collecting cases that settlement communications could be used to advance claim relating to "entirely separate wrong" from claims at hand).

Plaintiff is relying on the content of the settlement communication and proposed release—which includes all named Defendants—to prove the validity of his current claim that all Defendants are responsible as alter egos for the contended violations.  The Opposition makes this clear.  *See* Opposition (Docket #20 at 6) ("In that [proposed settlement] agreement, Movants along with 'any other entities that exist with the words 'INDRA' or 'PALMCO' in their name" were listed in Indra Energy's proposed agreement as 'Defendants'.  Thus, this was not 'a fit of rampant speculation'—Movants were listed in the proposed agreement that they themselves sent Baker.  Furthermore 'any other entities that exist with the words 'INDRA' or "PALMCO' in their name' lends further support to alter ego liability.").

Against that backdrop, any suggestion that the confidential settlement communications are offered for limited personal jurisdiction purposes would be a mere subterfuge because Plaintiff's allegations are inextricably intertwined with his contentions of alter ego liability on behalf of all Defendants.  The use of a settlement communication as evidence of personal jurisdiction—and, in turn, as alleged substantive evidence of alter ego liability—would undermine the spirit of Rule 408 and discourage Defendants and their counsel, like those here, from having full and frank negotiations that, in erring on the side of caution, would be overinclusive of all such entities.  *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, CV 15-638, 2016 WL 1089346, at *5 (E.D. La. Mar. 21, 2016) ("Without necessarily deciding that Federal Rule of Evidence 408 itself mandates that the Court not consider [the putative defendant's] settlement-oriented contacts to [the plaintiff', the Court nonetheless concludes that [the putative

3

defendant's] settlement-oriented conduct does not sufficiently establish that [the putative defendant] purposefully availed itself to personal jurisdiction in a Louisiana court. Haling [the putative defendant] into a Louisiana court solely because it attempted to keep a recently acquired subsidiary out of litigation would cut against the clear public policy favoring dispute resolution and would not be fair and reasonable. Because the record otherwise indicates that [the putative defendant] has had virtually no other contact with Louisiana, it is not appropriate for the Court to exercise either specific or general jurisdiction in this case.").

    B. <u>In His Opposition, Plaintiff Contends, For The First Time, That Defendants Are Subject To Alter Ego Liability.</u>

Conspicuously absent from Plaintiff's Opposition are references to the Amended Complaint wherein it was explicitly alleged, or from which it can be fairly inferred, that alter ego liability is advanced against the Defendants. This is fatal is Plaintiff's Opposition to Defendants' motion to dismiss in the first instance.

It is well-settled that a Plaintiff cannot add new claims, allegations, or theories for the first time in an Opposition. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). In viewing the four corners of the Amended Complaint, the words and/or turn of phrase "alter ego" or "piercing the veil" do not ever appear, yet they erroneously form the entire premise of the Plaintiff's Opposition. *See* Am. Compl. (Docket #4); *see also Ortiz v. Jimenez-Sanchez*, 98 F. Supp. 3d 357 (D.P.R. 2015) ("As the defendants correctly point out, the plaintiffs' oppositions introduce a plethora of new factual allegations and legal theories. But the plaintiffs cannot, of course, add allegations or claims by furnishing them for the first time in an opposition to a motion to dismiss.")

Even if these new legal theories were not advanced by name, there exist no allegations in the Amended Complaint from which they can be fairly inferred or anticipated by the Defendants. To that end, as is discussed at length in Defendants' motion to dismiss, the Amended Complaint simply refers to all Defendants as "Indra Energy" without delineating any Defendant's specific conduct based on the single allegation that "Defendants collectively act as an energy company offering electricity and natural gas plans under the fictitious name Indra Energy. Further, all defendants share the same principal office location, and, on information and belief, all of the defendants are managed by the same managing member, Robert Palmese." *See* Am. Compl. ¶¶ 10-11.

Alter ego liability, however, requires far more than the simple fact that entities share the same location and managing member. As the First Circuit elucidated in *Birbara v. Locke*, 99 F.3d 1233 (1st Cir. 1996), there are a host of factors in determining whether entities are alter egos of one another including, but not limited to, its capitalization, observance of corporate formalities, corporate shareholders, and recordkeeping, among other things. There is a dearth of any of the foregoing allegations in the Amended Complaint and as a result the Plaintiff's advancement, for the first time, of an alter ego legal theory in his Opposition must fail.

**WHEREFORE**, Defendants respectfully request that the Court grant their Motion to Dismiss and grant any other relief it deems appropriate.

1031079\306145524.v1

Respectfully submitted,

PALMCO ADMINISTRATION, LLC d/b/a INDRA ENERGY, a New York limited liability company, PALMCO POWER PA, LLC d/b/a INDRA ENERGY, a Pennsylvania limited liability company, and PALMCO ENERGY PA, LLC d/b/a INDRA ENERGY, a Pennsylvania limited liability company, PALMCO ENERGY MA, LLC d/b/a INDRA ENERGY, Massachusetts limited liability company, PALMCO POWER MA, LLC d/b/a INDRA ENERGY, a Massachusetts limited liability company

By: Their Attorney

/s/ Steven E. DiCairano
Steven E. DiCairano, BBO #694228
HINSHAW & CULBERTSON LLP
53 State Street
27th Floor
Boston, MA 02109
617-213-7000
617-213-7001 (facsimile)
sdicairano@hinshawlaw.com

Dated: August 5, 2020

## CERTIFICATE OF SERVICE

I, Steven E. DiCairano, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Steven E. DiCairano
Steven E. DiCairano